Jeffrey L. Fillerup, State Bar No. 120543
 jfillerup@rinconlawllp.com
Gregg S. Kleiner, State Bar No. 141311
 gkleiner@rinconlawllp.com
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-996-8199
Facsimile No.:  415-680-1712

Attorneys for Plaintiff,
Fred Hjelmeset, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re | Case No. 20-51629 MEH |
|---|---|
| GAGLIARDI INSURANCE SERVICES, INC., | Chapter 7<br>Hon. M. Elaine Hammond |
| Debtor. | |
| FRED HJELMESET,<br>Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MARCO GAGLIARDI, DOMINIC C. GAGLIARDI II, VITTORIO GAGLIARDI, AND HOUSTON CASUALTY COMPANY,<br><br>Defendants. | Adversary Proceeding No.<br><br>**COMPLAINT FOR BREACH OF FIDUCIARY DUTY, NEGLIGENCE, AND VIOLATION OF THE AUTOMATIC STAY** |

Fred Hjelmeset, Chapter 7 Trustee of the estate of Gagliardi Insurance Services, Inc., alleges as follows:

/ / /

/ / /

1. Gagliardi Insurance Services, Inc. was a corporation authorized to operate in the State of California by the California Secretary of State. At all times prior to November 13, 2020, the corporation operated out of its offices located at 950 S. Bascom Ave., San Jose, CA 95128.

2. On November 13, 2020 ("Petition Date") Gagliardi Insurance Service, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

3. Thereafter Plaintiff Fred Hjelmeset was appointed as the Chapter 7 Trustee of the Debtor and he has served as the Trustee since his appointment ("Trustee").

4. During the years preceding the Petition Date, Defendant Marco Gagliardi was the Chief Executive Officer, Chief Financial Officer, and a director of the Debtor.

5. During the years preceding the Petition Date, Defendant Dominic C. Gagliardi II was an officer and director of the Debtor.

6. During the years preceding the Petition Date, Defendant Vittorio Gagliardi was an officer and director of the Debtor.

7. Defendants Marco Gagliardi, Dominic C. Gagliardi II, and Vittorio Gagliardi are referred to collectively herein as the "Gagliardi Defendants".

8. During all times before and after December 14, 2017, and until the Petition Date, the Gagliardi Defendants controlled the operations, decisions, business, and management of the Debtor.

9. This complaint alleges causes of action for breach of fiduciary duty and negligence against the Gagliardi Defendants in their capacity as the controlling officers and directors of the Debtor in the years preceding the Petition Date, based on their acts and omissions which proximately caused the financial collapse of the Debtor.

10. Each of the Gagliardi Defendants is jointly and severally liable for the relief sought herein.

11. Each Gagliardi Defendant is liable for the acts and omissions of the other Gagliardi Defendants based on agency, conspiracy and aiding and abetting theories.

12. Houston Casualty Company is a Texas company with it principal place of business at 13403 Northwest Freeway, Houston, Texas. 77040 ("HCC"). Prior to the Petition Date, HCC

issued an Insurance Agents Professional Liability Insurance Policy to the Debtor, Policy No. H720-115336, with a policy period from April 27, 2020 through April 27, 2021 (the "HCC Policy").

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

14. This Court has jurisdiction to determine whether this is a core proceeding pursuant to 28 U.S.C. § 157(b)(3).

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

16. The Trustee consents to the entry of a final judgment by the Bankruptcy Court in this Adversary Proceeding.

## GAGLIARDI DEFENDANTS CAUSED THE DEBTOR'S FINANCIAL COLLAPSE

17. The Debtor was licensed by the California Department of Insurance ("DOI"), License #0791300, to operate in the following lines of insurance: Casualty Broker-Agent, Property Broker-Agent, Accident and Health, Surplus Lines, and Life.

18. According to the DOI, an "agent" is a company "authorized to sell insurance by or on behalf of an insurance company", and a "broker" is a company "paid by you [the policyholder] to look for insurance on your behalf."

19. In the years preceding the Petition Date, the Debtor conducted business in the State of California and in other states as an insurance broker and agent.

20. Beginning in or about 2018, the Gagliardi Defendants caused the Debtor to participate as an agent and/or broker in providing accident and health and other forms of insurance (collectively "Accident Insurance") to youth and professional sports teams and leagues (collectively "League Policyholders").

21. Gagliardi Defendants recommended that League Policyholders purchase Accident Insurance issued by Lexington Insurance Company ("Lexington"), using the Debtor as the agent and/or broker.

22. Based on Gagliardi Defendants' recommendations, League Policyholders purchased what League Policyholders believed to be Accident Insurance issued by Lexington, an A-rated insurance company that is a subsidiary of the American International Group, Inc. ("AIG").

23. Based on the recommendations and acts of Gagliardi Defendants, the Debtor received premiums and/or commissions based on its participation as an agent and/or broker in connection with the premiums paid by League Policyholders for what League Policyholders believed to be Accident Insurance issued by Lexington.

24. The insurance policies purportedly issued to League Policyholders included formal insurance policies purportedly endorsed by Lexington as the insurance company issuing the Accident Insurance.

25. After League Policyholders received insurance policies purportedly showing that the insurance was issued by Lexington, certain League Policyholders made claims under the Accident Insurance and discovered that Lexington had actually never issued Accident Insurance to League Policyholders and no premiums had been paid to Lexington in connection with the insurance policies that had been provided to League Policyholders and for which League Policyholders had paid premiums.

26. When Lexington learned that League Policyholders had made claims on policies purportedly issued by Lexington, but for which Lexington had no knowledge, Lexington filed suit against the Debtor and others seeking declaratory relief and damages based on the unlawful and unauthorized issuance of insurance policies purportedly issued by Lexington to League Policyholders (collectively "Unauthorized Policies").

27. Lexington's suit alleging claims against the Debtor and others based on the Unauthorized Policies is captioned *Lexington Insurance Company v. The Ambassador Group, LLC, et al.*, U.S. District Court, W.D. Kentucky, Case No. 20-cv-330-JRW (the "Lexington Suit").

28. The Gagliardi Defendants caused the Debtor to issue and/or participate in the issuance of the Unauthorized Policies to League Policyholders.

29. The Gagliardi Defendants conduct in causing and/or participating in the issuance of the Unauthorized Policies to League Policyholders has directly caused the financial collapse of the Debtor and the Debtor's filing of the Petition.

**FIRST CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty Against Gagliardi Defendants)**

30. The Trustee incorporates herein the prior allegations in this Complaint.

31. In the years preceding the Petition Date, Marco Gagliardi owed a fiduciary duty to the Debtor based on his status as an officer of the Debtor and a member of the Debtor's board of directors.

32. In the years preceding the Petition Date, Dominic C. Gagliardi II owed a fiduciary duty to the Debtor based on his status as an officer of the Debtor and member of the Debtor's board of directors.

33. In the years preceding the Petition Date, Vittorio Gagliardi owed a fiduciary duty to the Debtor based on her status as an officer of the Debtor and a member of the Debtor's board of directors.

34. The Gagliardi Defendants breached their fiduciary duties to the Debtor by creating or allowing the creation of claims and liability, including but not limited to claims by Lexington and League Policyholders, that the Debtor could not afford to defend or pay.

35. The Gagliardi Defendants further breached their fiduciary duty to the Debtor by (a) giving unsound advice to League Policyholders in connection with League Policyholder's acquisition of insurance to cover aspects of their operations; (b) failing to ensure that League Policyholders obtained insurance that they believed was being purchased with the insurance premiums paid by League Policyholders; (c) participating in the issuance of the Invalid Policies using Lexington's name and trademarks; (d) failing to prevent the Debtor's participation in the issuance of the Invalid Policies; (e) failing to ensure that Lexington had authorized the issuance of

insurance using Lexington's name and trademarks; and (f) failing to provide League Policyholders with reasonable advice in connection with the purchase of insurance.

36. The above-referenced breaches of fiduciary duty proximately caused the Debtor's financial collapse and the filing of the Petition.

37. As a direct and proximate cause of aforementioned breaches of fiduciary duty, the Debtor has been damaged in an amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Negligence Against Gagliardi Defendants)

38. The Trustee incorporates herein the prior allegations in this Adversary Complaint.

39. In the years preceding the Petition Date, the Gagliardi Defendants owed the Debtor a duty of due care based on and arising out of their status as officers and directors of the Debtor.

40. In the years preceding the Petition Date, the Gagliardi Defendants breached their duty of due care by, among other things: (a) giving unsound advice to League Policyholders in connection with League Policyholder's acquisition of insurance to cover aspects of their operations; (b) failing to ensure that League Policyholders obtained insurance that they believed was being purchased with the insurance premiums paid by League Policyholders; (c) participating in the issuance of the Invalid Policies using Lexington's name and trademarks; (d) failing to prevent the Debtor's participation in the issuance of the Invalid Policies; (e) failing to ensure that Lexington had authorized the issuance of insurance using Lexington's name and trademarks; and (f) failing to provide League Policyholders with reasonable advice in connection with the purchase of insurance.

41. The Gagliardi Defendants' breaches of due care proximately caused the Debtor's financial collapse and the filing of the Petition.

42. As a direct and proximate cause of the Gagliardi Defendants' breaches of due care, the Debtor has been damaged in an amount to be determined at the time of trial.

/ / /

/ / /

/ / /

## THIRD CLAIM FOR RELIEF
### (Violation of the Automatic Bankruptcy Stay Against Houston Casualty Company)

43. The Trustee incorporates herein the prior allegations in this Adversary Complaint.

44. The automatic bankruptcy stay was in effect as of the Petition Date pursuant to 11 U.S.C. § 362.

45. Prior to the Petition Date, HCC issued the HCC Policy, which policy provides coverage for claims against officers and directors of the Debtor.

46. Once the Petition was filed, HCC knew that an automatic bankruptcy stay was in place.

47. In spite of the automatic bankruptcy stay, after the Petition Date HCC cancelled the HCC Policy (the "Cancellation").

48. HCC never sought relief from the automatic bankruptcy stay from this Court prior to the Cancellation.

49. This Court never granted relief from the automatic bankruptcy stay prior to the Cancellation.

50. The Trustee has tendered the defense of the claims alleged against the Gagliardi Defendants to HCC for coverage.

51. HCC has denied coverage of the Trustee's claims alleged in this Complaint based on the Cancellation, that is, because the HCC policy was cancelled before the Trustee's claim was made.

52. HCC's Cancellation was a violation of the automatic bankruptcy stay and a violation of 11 U.S.C. § 362.

53. The Trustee seeks all available remedies related to HCC's violation of the automatic bankruptcy stay.

/ / /

/ / /

/ / /

/ / /

# PRAYER FOR RELIEF

**WHEREFORE,** the Trustee seeks the entry of a judgment in his favor and against Defendants, as follows:

A. A money judgment against the Gagliardi Defendants, jointly and severally, in an amount to be determined at the time of trial;

B. A declaratory judgment that HCC has violated the automatic bankruptcy stay according to Ninth Circuit authority;

C. A declaratory judgment that HCC's violation of the automatic bankruptcy stay was intentional and willful;

D. A declaratory judgment that the Cancellation is void according to Ninth Circuit authority;

E. An award of damages based upon HCC's violation of the automatic bankruptcy stay;

F. An award of punitive damages based upon HCC's willful violation of the automatic bankruptcy stay;

G. An award of the Trustee's costs and attorney's fees herein based on HCC's violation of the automatic bankruptcy stay;

H. Equitable relief in connection with HCC's violation of the automatic bankruptcy stay, including, but not limited to, injunctive relief and civil contempt; and

I. For such other and further relief as the Court deems just and proper.

DATED: August 23, 2021     RINCON LAW, LLP

By: /s/Jeffrey L. Fillerup
Jeffrey L. Fillerup
Attorneys for Plaintiff Fred Hjelmeset,
Chapter 7 Trustee